THE HONORABLE JOHN C. COUGHENOUR

1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

NORTHWEST FROZEN LLC,                    CASE NO. C22-0084-JCC

10

                    Plaintiff,           ORDER

11

        v.

12

VICTORY PACKAGING LP,

13

                    Defendant.

14

15      This matter comes before the Court on Defendant's motions to transfer venue (Dkt. No.

16   10), and to dismiss for failure to state a claim (Dkt. No. 12). Having thoroughly considered the

17   parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby

18   GRANTS the motion to transfer venue and STAYS consideration of the motion to dismiss

19   pending transfer to the U.S. District Court for the Northern District of Georgia, Atlanta Division.

20      Plaintiff sued Defendant for allegedly shipping defective goods in violation of the parties'

21   contract. (*See generally* Dkt. No. 1.)[1] Defendant then filed a motion to transfer venue to the U.S.

22

23   _____

[1] Plaintiff initially failed to establish diversity jurisdiction. (*See* Dkt. No. 17 (explaining that
LLCs have their members' citizenships and ordering Plaintiff to amend its corporate disclosure

24   statement).) Plaintiff's amended corporate disclosure statement still misstates that it is a
"Washington Corporation," (Dkt. No. 18 at 1)—even though it has "LLC" in its name and is

25   listed as such on the Washington Secretary of State's website. But the Court can now determine
Plaintiff's citizenship (Washington) and confirm it has jurisdiction. (*Id.*; *see also* Dkt. No. 9

26   (indicating Defendant is a citizen of Georgia, Delaware, Singapore, and the Netherlands).)

ORDER
C22-0084-JCC
PAGE - 1

1   District Court for the Northern District of Georgia a motion to dismiss for failure to state a claim.

2   (Dkt. Nos. 10, 12). Defendant argues that transfer is proper because the parties' contract

3   incorporates terms and conditions that contain forum-selection clause specifying either

4   Richmond, Virginia or Cobb County, Georgia. (Dkt. Nos. 10 at 2–3; 11-1 at 1 (credit

5   agreement); 11-3 at 7 (forum-selection clause).) In response, Plaintiff states that it "does not

6   oppose Defendant's Motion to Change Venue." [2] (Dkt. No. 13 1.)

7        Under 28 U.S.C. § 1404(a), "[f]or the convenience of the parties and witnesses, in the

8   interest of justice, a district court may transfer any civil action to any other district . . . where it

9   might have been brought." The purpose of § 1404 is to prevent wasted time, energy, and money

10   and to protect litigants, witnesses, and the public from unnecessary inconvenience and expense.

11   *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964). A motion to transfer under § 1404(a) requires

12   the movant to show that (1) the action "might have been brought" in the transferee district; and

13   (2) the transfer would be for the convenience of parties and witnesses, in the interest of justice.

14   *Authentify Pat. Co., LLC v. StrikeForce Techs., Inc.*, 39 F. Supp. 3d 1135, 1148 (W.D. Wash.

15   2014). The latter step involves balancing numerous public and private factors. *See Jones v. GNC*

16   *Franchising, Inc.*, 211 F.3d 495, 498–99 (9th Cir. 2000) (listing factors).

17        Where there is a valid forum-selection clause, "a district court should ordinarily transfer

18   the case," and "must deem all factors relating to the private interests of the parties . . . as

19   weighing 'entirely in favor of the preselected forum.'" *Yei A. Sun v. Advanced China Healthcare,*

20   *Inc.*, 901 F.3d 1081, 1087–88 (9th Cir. 2018) (quoting *Atl. Marine Constr. Co. v. U.S. Dist. Ct.*

21   *for W. Dist of Tex.*, 571 U.S. 49, 63–64, 62 n.6 (2013)). Thus, "a forum-selection clause 'should

22

---

23   [2] That Defendant filed a contested motion that Plaintiff then did not contest may hint that, to quote *Cool Hand Luke*, "[w]hat we've got here is failure to communicate." COOL HAND LUKE

24   (Warner Bros., 1967). Although it is possible that the parties spoke and Plaintiff later changed its mind, this seems like a scenario where contacting opposing counsel might have allowed the

25   parties to reach the same result sooner by filing a stipulated or unopposed motion. *See* LCR 7(d)(1) (stating that such motions are ready for the court's consideration the day they are

26   filed).

ORDER
C22-0084-JCC
PAGE - 2

1    control except in unusual cases.'" *Id.* at 1088 (citation omitted).

2           Here, especially in light of the forum-selection clause and Plaintiff's non-opposition, the

3    Court finds that all requirements for transfer under § 1404(a) are met. Additionally, even though

4    some of Plaintiff's purchases were subject to a prior version of the terms and conditions that did

5    not contain a forum-selection clause, those purchases apparently amounted to a small fraction of

6    the parties' total  dealings. (*See* Dkt. No. 10 at 2.) Thus, the convenience of the parties and

7    witnesses and the interest of justice favor keeping those claims together with the ones that are

8    subject to the forum-selection clause.

9           For the foregoing reasons, the Court hereby ORDERS as follows:

10          1.     Defendant's unopposed motion to transfer venue (Dkt. No. 10) is GRANTED.

11          2.     This case is hereby TRANSFERRED to the U.S. District Court for the Northern

12   District of Georgia, Atlanta Division, which encompasses Cobb County.

13          3.     The transfer shall be effective immediately, notwithstanding LCR 3(i).

14          4.     Consideration of Defendant's motion to dismiss for failure to state a claim (Dkt.

15   No. 12) is hereby STAYED pending completion of the transfer.

16          DATED this 18th day of April 2022.

17

18

19   _____

20   John C. Coughenour
     UNITED STATES DISTRICT JUDGE

21

22

23

24

25

26

ORDER
C22-0084-JCC
PAGE - 3